

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF REINSTATEMENT

Appellate case name:      Cliff Carlton Rice v. Bryan Collier

Appellate case number:    01-19-00843-CV

Trial court case number:   91507-I

Trial court:                412th District Court of Brazoria County

Appellant Cliff Carlton Rice, an inmate in the TDCJ Ramsey I Unit, appeals from the purported dismissal of his claims against current or former prison officials. In his original petition, appellant sought declaratory and injunctive relief against four prison officials—Bryan Collier, Michael Butcher, Leonard Echessa, and Richard Babcock—alleging they were violating with the terms of a memorandum agreement entered in previous federal litigation concerning the Ramsey I Unit.[1] Two of these defendants—Collier and Butcher—answered and moved to dismiss the claims against them as frivolous under Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–.014. The trial court granted Collier's and Butcher's motions, noting by handwritten notation that the dismissal orders were interlocutory because other defendants remained in the case.

Appellant then filed an amended petition naming Ronald Givens as a defendant. Echessa and Babcock were no longer named as defendants in the amended petition. *See Randolph v. Walker*, 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet.

---

[1]    Rice alleged that, because of federal rulings in *Ruiz v. Procunier*, Civil Action No. H-78-987-CA, TDCJ officials and a class of inmates entered into a memorandum agreement in 1985 (the "Ruiz memorandum"), which provided in relevant part: "[T]he parties have reached the following agreement with respect to the provision of dayroom space in certain cellblocks at the . . . Ramsey I Unit . . . In lieu of constructing additional dayroom space at the Ramsay I Unit, defendants shall effect the following procedures and improvements with respect to all general population cellblocks: . . . 3. All prisoners shall have continuous ingress and egress from their cells, and shall be permitted to lock and unlock their own cells, except during the hours all cells are locked for sleeping."

denied) ("When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered."). Givens answered the amended petition and, like Collier and Butcher before him, moved to dismiss under Chapter 14. The record does not include a ruling on Givens's motion to dismiss.

Even though the record does not contain a ruling on Givens's motion, appellant filed a notice purporting to appeal from the dismissal of his claims on that motion pursuant to an October 2, 2019 order. But the only order issued on October 2 that is included in the appellate record is unrelated to Givens's motion to dismiss. The October 2 order concerns a separate matter—a previously issued notice from the trial court of its intent to dismiss unless Rice obtained service on all defendants. In addition, the October 2 order is not an order of dismissal. Quite the opposite, it expressly provides that the action required in the earlier notice of intent to dismiss—service—"was . . . accomplished" and that the case was "therefore RETAINED."

Concerned that an order dismissing appellant's claims on Givens's motion was omitted from the record, we abated and twice requested preparation of a supplemental clerk's record to include the appealed-from order. *See* TEX. R. APP. P. 34.5 (requiring clerk's record to include "the court's judgment or other order that is being appealed."). In response to both requests, the district clerk certified that the October 2 order issued in connection with the notice of intent to dismiss was the only appealed-from order, thereby indicating there were no other orders inadvertently omitted from the record.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the legislature has designated as appealable orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting general rule that appellate courts have jurisdiction only over appeals from final judgments); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. The October 2 order retaining the underlying case on the trial court's docket is not an appealable interlocutory order. Because there is no ruling in the record on Givens's motion to dismiss, the record indicates that appellant's claims against Givens remain pending and a final judgment has not been rendered in this case.

Accordingly, we **reinstate** this appeal and **order** appellant to file a written response addressing the lack of an appealable interlocutory order or final judgment, with citation to law and the record, demonstrating that this Court has appellate jurisdiction over his appeal. Failure to respond will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). **Appellant's response is due within 14 days of the date of this order. Appellee may file a reply to appellant's response, if desired, within 14 days of the date appellant's response is filed.** The response and reply, if any, must be limited to

the topic identified in this order and may not, without leave of court, be longer than 3,500 words if computer-generated and 10 pages if not.

It is so ORDERED.


Judge's signature:   /s Amparo Guerra
                     Acting individually


Date: April 19, 2022